Singh v. Barr

BIA
Christensen, IJ
A208 569 583

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>AMENDED SUMMARY ORDER*</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of September, two thousand twenty.

PRESENT:
>    ROSEMARY S. POOLER,
>    REENA RAGGI,
>    JOSEPH F. BIANCO,
>        *Circuit Judges.*

_____

DMARMINDER SINGH, AKA DHARMINDER SINGH,

>        *Petitioner,*

>    v.                                          18-1957
>                                                NAC

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,

>        *Respondent.*

_____

FOR PETITIONER:         Deepti Vithal, Richmond Hill, NY.

FOR RESPONDENT:         Joseph H. Hunt, Assistant Attorney
                        General; Jonathan A. Robbins,
                        Senior Litigation Counsel; Dana M.
                        Camilleri, Trial Attorney, Office

---

* The Court's initial order stated the decision date as September 16, 2019. This amended order, issued on September 21, 2020, correctly states the decision date as September 16, 2020.

of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Dmarminder Singh, a native and citizen of India, seeks review of a June 13, 2018, decision of the BIA affirming an August 7, 2017, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dmarminder Singh,* No. A208 569 583 (B.I.A. June 13, 2018), *aff'g* No. A208 569 583 (Immig. Ct. N.Y. City Aug. 7, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

2

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008). Substantial evidence supports the agency's determination that Singh was not credible as to his claim that members of the Akali Dal Badal party beat him twice in India on account of his membership in the Shiromani Akali Dal Amritsar Party.

The agency reasonably relied on Singh's inconsistent statements regarding whether police in India detained and harmed him when he reported being beaten by members of the Badal Party. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Singh did not provide compelling explanations for this inconsistency. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation

3

for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal citation and quotation marks omitted)).

The agency also reasonably found that Singh's inability to recall the name of his political party impugned his credibility because it was inconsistent with his claim that he was targeted and beaten on account of his active membership in that party. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Singh attempted to explain that he could not recall the name of his party because his beatings had impacted his memory. The IJ was not compelled to credit that explanation because Singh did not submit medical evidence of memory issues and was able to recall the name of the party that targeted him. *See Majidi*, 430 F.3d at 80.

The agency also reasonably relied on the inconsistency between Singh's statements during his credible fear interview and his hearing testimony regarding when he was threatened and beaten in India. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). As an initial matter, the agency did not err in relying on the record of Singh's credible fear interview because the record of the interview was sufficiently reliable, in that the

4

interview was conducted with an interpreter, it was memorialized in a typewritten, question-and-answer format, the questions posed were designed to elicit details of Singh's asylum claim, and Singh's responses indicated that he understood the questions. *See Ming Zhang v. Holder*, 585 F.3d 715, 724-25 (2d Cir. 2009). Singh testified that the beatings he suffered occurred in the fourth and fifth months of 2015. When confronted with his inconsistent statement at his credible fear interview that he was beaten in the sixth month, Singh changed his testimony to conform with his interview, stating that he was beaten in the fifth and sixth months. This created a new inconsistency with his interview, in which he had stated that his second beating occurred during the ninth month. Further, his testimony that he was threatened in the fourth and fifth months was inconsistent with his interview statement that he was threatened in the eighth month.

Given the inconsistency findings, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). That determination was dispositive of asylum, withholding of removal, and CAT relief because all three claims were based

5

on the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).  Accordingly, we do not consider the agency's alternative burden finding.  *See I.N.S. v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court